Ruffin, C. J.
 

 The Court concurs with his Honor, that it was right to refuse both motions. There was no ground for a
 
 certiorari.
 
 The County Court is constituted the tribunal to determine contested elections of Clerk, and the decision cannot be reviewed on appeal, and the matter gone into
 
 de nbvo.
 
 The State is, indeed, not concluded, where the County Court admits one, who was not elected, or had not the requisite qualifications ; and an enquiry may be instituted, touching those matters by
 
 quo warranto.
 
 But it is not the proper subject of an appeal, nor for a
 
 certiorari, hi
 
 the nature of’ an appeal, to bring up the case in order that the Judge of the Superior Court may in a summary way, as the County Court did, decide the election. Nor ought the
 
 mandamus
 
 to have gone. The relator does not shew yet, that
 
 he
 
 was elected, and is improperly kept out of office. It is nothing to him, as a private person, whether Speed is qualified or not, or why the'Court has admitted him. That is no injury to the relator’s rights. It may be true, thaf, upon a scrutiny, it might appear that the relator had a majority of the good votes. But that possibility does not entitle him— supposing a
 
 mandamus
 
 a proper remedy at all, in such a case — to ask for this extraordinary and remedial writ. He merely says, the County Court would not enquire into the fact. That may be admitted to have been wrong in the County Court. But that alone will not authorize a proceeding of this sort, unless the relator goes further, and makes it appear upon his oath, when he makes the application, that if the County Court had made’the enqui-ry, or if it should be made now, there is good reason to expect, that it would result in shewing that the relator, and not Speed, was in fact and law elected, and, therefore, that the decision was actually to his prejudice. The writ was therefore properly refused, upon the suppo-
 
 *158
 
 siticm, that the Comity Court ought, at the time, to have heard the evidence. But the Court is far from thinking that the County Court did err. That Court may reasonably adopt such rules for proceeding in such cases, as will bring the facts fully out on both sides, on which the election depended; and therefore should guard against surprise by the one party on the other. When the relator took, as the opposing candidate, one ground of objection to the election of the person returned, it would be a complete surprise if he were allowed to abandon that and put it upon another. The County Court might, of their own accord, have gone into the other enquiry ; and their not doing it majr be a good reason for' the public to complain; and, in a regular proceeding, the undue election and admission of Speed may be insisted on, and then that person can take issue on the alleged objection, and meet it by proof. But as the Court must have some one to attend to the public business as Clerk, it was necessary to make a decision at that term; and, as between these two persons, as parties to that contest, and in reference to their several personal rights, the Court acted properly in holding down the relator, who had given notice, to the particular points, which he had selected, and to which exclusively he pointed the attention of the other candidate. If, in truth, the relator, and not Speed, was elected, the decision of the Court on the point specified might not conclude the relator upon a
 
 quo warranto;
 
 and, at a.ll events, the Court could not err in deciding on the points raised by the relator, and leaving him to his remedy by that proceeding, in which issues might be taken to the country on the several facts, which would establish the election of the one or the other of these parties.
 

 It can hardly be necessary to add, that the admission of an illegal vote does not necessarily vitiate an election, for it may have been for the relator himself. The number of illegal votes given to the person returned must be so great, as, after deducting them, will not leave him a
 
 *159
 
 majority of good votes: and then the election is not avoided, but that person is turned out, and the other person, who had the majority of good votes, admitted.
 

 Pee Cueiam. • Judgment affirmed.